510 A.2d 410

Independent Fire Company No. 1, Appellant *v.* Borough of South Williamsport Zoning Hearing Board, Appellee.

Argued May 13, 1986, before President Judge CRUMLISH, JR., Judge COLINS and Senior Judge ROGERS, sitting as a panel of three.

*James R. Protasio,* for appellant.

*Sanford S. Marateck, Lark, Makowski, Marateck & Konopka,* for appellee.

. OPINION BY SENIOR JUDGE ROGERS, June 13, 1986:

Independent Fire Company No. 1 (Independent) has appealed from an order of the Court of Common Pleas of Lycoming County affirming the action of the Borough of South Williamsport Zoning Hearing Board (Board) granting a dimensional variance to Stop 'N Go Foods of Mid-Penn, Inc. (Stop 'N Go).

Stop 'N Go has a written agreement to purchase a parcel of land in the Borough of South Williamsport (Borough), located in the B-1 Commercial zoning district. It filed with the Board an application for a special exception for a gas station cum convenience store and requested a variance to permit a 12 foot rear yard instead of the required 25 feet. The Board granted the variance. It refused the special exception with leave to file a revised application.

Stop 'N Go submitted a revised application for special exception which proved to be satisfactory to the Board. However, it modified the variance request to one which would allow a rear yard setback of only five

feet. The Board granted the application for special exception and the variance as well.

Independent, whose land adjoined the rear line of Stop 'N Go's property, has appealed only the grant of the variance. The Court of Common Pleas of Lycoming County, without receiving evidence, affirmed.

We, as was the court of common pleas, are asked to review the Board's action for an abuse of discretion or error of law. *Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970); *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970).

Independent contends that the Board's adjudication is of no effect because the Board failed to make the findings required by Section 912 of the Pennsylvania Municipalities Planning Code (MPC),[1] supporting the applicant's allegation that the provisions of the zoning ordinance inflict unnecessary hardship. The statute just cited provides that zoning hearing boards must in granting a variance make the following findings where relevant: (1) that there are unique physical circumstances or characteristics peculiar to the property in question causing the unnecessary hardship, (2) that because of such physical circumstances or conditions there is no possibility that the property can be developed in strict conformity with the ordinance and that the variance is necessary to enable a reasonable use of the property, (3) that the unnecessary hardship has not been created by the applicant, (4) that the variance will not alter the character of the neighborhood or other property, nor impair the use or development of adjacent land, (5) that the variance represents the minimum variance that will afford relief and the least modification possible of the regulation in issue. In *Lando v. Springettsbury Township Zoning Board of Adjustment,* 4 Pa. Commonwealth

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

Ct. 312, 286 A.2d 924 (1972), we held that these findings are essential to the validity of grants of variance and that reviewing courts should remand adjudications in which they are not supplied.

> This Board wrote, pertinently, only that:
>
> based on the fact that the adjacent property to the rear of the subject parcel is owned and occupied by the Independent Fire Company of South Williamsport and is not used as a residence; based on the fact that the requested is a change from a ten (10) foot setback to a five (5) foot setback; by setting the building back there is more room for ingress, egress and off-street parking in front and the public safety is enhanced; and since the essential character of the neighborhood will not be altered and there is no detrimental effect to the public welfare, the Board, in its discretion, feels that the variance has a minimal impact and the granting of the same will have no serious adverse consequences. Also, the Board notes that the location and physical characteristics of the lot are such that for it to be commercially developed a variance is reasonable.[2]

This writing could be held satisfactorily to address finding 4 concerning the effect of the variance on the neighborhood and or other properties. Finding of fact 3, concerning self-inflicted hardship, although argued by Independent, is not a viable issue in this case.[3] However,

---

[2] The Board's reference to a 10 ft. setback describes the distance from the rear lot line to an existing building existing on the Stop 'N Go property. Stop 'N Go proposes to raze the existing building. In its original plans, Stop 'N Go proposed a 12 ft. setback for its new building. As we have noted, it later asked for a variance for the 5 ft. setback.

[3] *See Gro Appeal*, 440 Pa. 552, 269 A.2d 876 (1970), declaring that an equitable owner under an agreement of sale containing a

findings 1, 2, and 5 relating, respectively, to the important considerations of the uniqueness of the physical circumstances and conditions affecting the property, the necessity for a variance to afford reasonable use of the property and whether the variance requested is the minimum which will afford relief, were not touched upon by the Board.

We are therefore constrained to vacate the order of the court and remand the case to the Board with directions to supply the necessary but absent findings of fact, if it believes that such findings can be made, and to supply a statement of the reasoning of the Board sufficient to demonstrate the reasonableness of its actions. Jurisdiction is relinquished.

## ORDER

AND NOW, this 13th day of June, 1986, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is vacated; the record is remanded to the Borough of South Williamsport Zoning Hearing Board for further findings and statement of reasoning consistent with this opinion. Jurisdiction is relinquished.

---

zoning contingency may qualify for a variance. See, R. Ryan, Pennsylvania Zoning Law and Practice, §6.2.13, 1984 Supp.