531 A.2d 1180

Allen W. and Mary Ann Stewart, Elmer Pizzi and AMS Affiliates, Inc., Appellants *v.* The Zoning Hearing Board of Radnor Township and Alden T. Leavenworth, Appellees.

Argued June 8, 1987, before Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*David L. Harbaugh,* with him, *Allen W. Stewart* and *John P. Kopesky,* Of Counsel: *Morgan, Lewis & Bockius,* for appellants.

*John J. Mahoney,* with him, *Fronefield Crawford, Jr.,* Of Counsel: *Crawford, Wilson and Ryan, P.C.,* for appellee, Alden T. Leavenworth.

Opinion by Judge Barry, October 7, 1987:

Allen W. and Mary Ann Stewart, Elmer Pizzi, and AMS Affiliates, Inc. (appellants) appeal from an order of the Court of Common Pleas of Delaware County. The trial court, without taking additional testimony, affirmed an order and opinion of the Radnor Township Zoning

Hearing Board (Zoning Hearing Board) granting Alden T. Leavenworth[1] (appellee) a dimensional variance for subdivision of his property located at 318 Edgehill Road, Wayne, Pennsylvania.

On January 2, 1985, appellee submitted to Radnor Township a proposal to subdivide his two acre residential property into separate one acre lots. On February 25, 1985, the Radnor Township Board of Commissioners approved the proposed subdivision subject to four conditions. One of the conditions was that appellee obtain a dimensional variance from the Zoning Hearing Board.[2] The Zoning Hearing Board found that appellee was entitled to a variance, under the principle of de minimis, from Radnor Township's one acre lot requirements from R-1 residential property.

Since no additional testimony was presented to the trial court, our review is to determine whether the Zoning Hearing Board's action of granting a variance was an abuse of discretion or error of law. *Independent Fire Co. No. 1 v. Borough of South Williamsport Zoning Hearing Board*, 98 Pa. Commonwealth Ct. 153, 510 A.2d 410

---

[1] Initially, Alden T. Leavenworth was not a named party to this appeal. His participation is by intervention as the owner of the site.

[2] The 4 conditions imposed by the Zoning Board's Resolution # 85-6 are:

    1. That a variance be obtained from the Zoning Hearing Board from Section 135-20A of the Code of the Township of Radnor which requires lots to have an area of one (1) acre.

    2. That the proposed onsite sanitary sewer be approved by the Township Sewage Enforcement Officer.

    3. That the discharge from the detention basin on Lot # 2 be connected into the back of the existing inlet on the west side of Edgehill Road.

    4. That adequate landscaping be provided around the on-site sewer system and so indicated on the plan.

(1986). The appellants allege that the Zoning Hearing Board's grant of a variance based on de minimis is in error. They contend that the de minimis principle applies only to situations where strict enforcement of legislatively prescribed zoning standards would create substantial, unique and unnecessary hardships not to situations based merely on profit expectations from a subdivision of residential property. They also contend that the de minimis principle is limited to cases where a non-complying structure already exists and would result in needless demolition with no countervailing benefit to the community absent the dimensional variance. We disagree.

Traditionally, to establish a right to a variance, a landowner must show that the effect of the zoning ordinance will:

> [B]urden his property with an unnecessary hardship which is unique to his property, that the granting of the variance will not have an adverse impact on the public health, safety and welfare, that the hardship is not self-inflicted, and that the variance sought is the minimum variance that will afford relief.

*Marlowe v. Zoning Hearing Board of Haverford Township*, 52 Pa. Commonwealth Ct. 224, 232, 415 A.2d 946, 950 (1980). When a Zoning Hearing Board finds the requested variance is de minimis, ". . . it may be granted even if the traditional grounds for a variance have not been met." *Marlowe* at 235, 415 A.2d at 951. The de minimis doctrine is an extremely limited exception to the strict burden of proof requirement that a landowner must show when requesting a variance. This exception should only be applied to minor deviations and only when rigid compliance is not necessary for protection of the public policy concerns of the ordinance. *King v. Zoning Hearing Board of the Borough of*

*Nazareth,* 76 Pa. Commonwealth Ct. 318, 463 A.2d 505 (1983).

In this case, the de minimis principle is most aptly applied. The proposed subdivision of the 2 acre site *may be* a few feet short of the Radnor Township 1 acre lot requirement for R-1 residential property. Initial expert testimony, based upon a recent site survey, established that the proposed plan would divide the site into separate one acre lots. However, the testimony could not establish that the two lots were precisely one acre lots. Applying complex equations based on tolerances and the principle of closure, the testimony established that one of the subdivided lots *could be* 15 square feet short of 1 acre.[3]

This infinitesimal deviation from complete compliance is clearly within the de minimis exception for granting dimensional variances. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970) (de minimis exception for a 7/10 foot side yard variance), *Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980) (seven requests for variances to build a shopping center granted under the de minimis principle). This grant of the de minimis dimensional variance will represent the minimum deviation which will grant relief, will represent the least possible modification of the zoning ordinance and will not be injurious to the public health, safety and general welfare of the community. Therefore, we affirm the Zoning Hearing Board's grant of a variance.

---

[3] One lot would be the required one acre, one lot would be .99966 of an acre. The testimony established that the figures were subject to speculation since the calculations utilized to determine the closure radius were imprecise. The second lot could be one acre or even larger, but 15 square feet was considered the maximum shortage from a full acre.

The appellants also argue that the Zoning Hearing Board was required by Section 135-123 of the Radnor Township Code to issue findings concerning the proposed construction of a sanitation bunker. They argue that construction of a sanitation bunker of this type (an elevated sand mound 6 feet high by 40 feet long) would injure and distract from the surrounding properties. The trial court found no error in the Zoning Hearing Board's failure to make these findings. The court opined that the Zoning Hearing Board did not have jurisdiction over the method of sewage disposal selected by the property owner so long as the method was approved by the Department of Environmental Resources and other authorities having jurisdiction. We agree. The enactment of the Pennsylvania Sewage Facilities Act resulted in a limited preemption in the field of sewage operations. *Greater Greensburg Sewage Authority v. Hempfield Township*, 5 Pa. Commonwealth Ct. 495, 291 A.2d 318 (1972). A township zoning ordinance may not regulate a ". . . sewage system, without reference to the state program which entirely embraces the determination of proper type." *Middletown Township v. Benham*, 91 Pa. Commonwealth Ct. 186, 192, 496 A.2d 1293, 1296 (1985), *aff'd*, 514 Pa. 176, 523 A.2d 311 (1987). A sewage treatment plant of this type is an accepted method for waste management by the Department of Environmental Resources. 25 Pa. Code §73.55. As an accepted method the board did not have jurisdiction to make findings as to whether the system was a proper selection. "[I]t is not for the zoning board to enforce the technical engineering regulations of the environmental agencies even though the board may be convinced that an approval might have been improvidently granted." *Appeal of Klock*, 51 Pa. Commonwealth Ct. 641, 646, 415 A.2d 705, 707 (1980). The Zoning Hearing Board properly determined it did not have jurisdic-

tion as to the type of sewage system to be installed at the site.

Accordingly, we affirm the trial court's determination that the Zoning Hearing Board did not have jurisdiction over the type of proposed sewage system.

ORDER

NOW, October 7, 1987, the order of the Court of Common Pleas of Delaware County, dated February 18, 1986, at No. 85-6322, is affirmed.