548 A.2d 687

East Torresdale Civic Association, Appellant *v.* Philadelphia Zoning Board of Adjustment, Appellee.

*Richelle D. Hittinger,* for appellant.

*Sherri B. Glantz,* for appellee.

*Idee C. Fox,* for intervenor, Eric Shantzer.

OPINION BY JUDGE BARRY, October 13, 1988:

The East Torresdale Civic Association appeals an order of the Court of Common Pleas of Philadelphia County which affirmed a decision of the Philadelphia Zoning Board of Adjustment (Board) to grant a variance to Dr. Eric R. Shantzer (Shantzer).

Shantzer, a dentist, had been practicing his profession at another location. Due to an increase in his practice, he found it necessary to open a second office. He purchased a building at 9837 Frankford Avenue which

had been operating as a dentist office. He applied for a use permit with the City's Department of License and Inspection. The permit was refused on the grounds that Shantzer did not reside on the premises.[1] At a hearing before the Board, Shantzer's counsel stated for the record that the premises were originally constructed as a duplex building, containing one apartment on the first floor, one apartment on the second floor and two garages in the rear of the building. Counsel also established that the first floor apartment had been converted into a dentist's office before Shantzer purchased the building. This conversion was done without a building permit nor had a variance been granted. It was also established that Shantzer would maintain the outside of the premises to conform with the other dwellings in the neighborhood and that his business required two employees. The East Torresdale Civic Association (Association) presented testimony that the premises were part of a residential development, that the prior use was illegal and that the Board had denied two other requests for a variance to establish dental offices in the neighborhood. On August 20, 1986, the Board granted a variance to Shantzer to operate a dentist office at the premises. The

---

[1] Section 14-203(c) of the Philadelphia Zoning Code permits:
(c)  Office of doctors of medicine, osteopathy, dentistry, chiropractic or optometry, podiatry, minister, lawyer, or licensed psychologist, provided that such office:
(.1)  Shall be situated in the dwelling of such practitioner;
(.2)  Shall be incidental to the main purpose of the residence;
(.3)  Shall have no more than one assistant regularly employed therein;
(.4)  Shall not be used by any colleagues or associates.
We note that Shantzer does not qualify under this section of the Code as he does not live on the premises, more than one employee works at the premises and the main purpose of the proposed use is as a dentist's office.

Board made the following factual findings in support of its decision:

1. . . . the premises was once occupied as a non-legalize [sic] dental office, but is zoned as a two family dwelling. Photographs indicating the prior use were introduced into evidence for the Board's review.

2. . . . office days of operations will be on Mondays and Thursdays and every other Tuesday. The number of employees will be two personnel during hours of operation, one person maintaining books and records, and the applicant.

3. A small sign to identify the 'dental office' is contemplated on the front of the premises. Accessory parking will be available on the premises for one employee and one client. Additional parking is available on the street. Maintenance service is contemplated for the premises.

4. It was testified that the premises was constructed as a duplex, but the first floor was made into a dental office and operated as such until 1983. That only one full time employee, one part time employee and the applicant will be on the premises.

. . . .

8. The Planning Commission advised the Board that this property is indicated on the City's Comprehensive Plan for residential use and remains zoned 'R-7' . . . . That it is Planning Commission policy to recommend against any commercial conversion of residential property. . . .

This variance was granted with the condition that only one dentist could practice at this location. The trial court affirmed this decision. This appeal follows.

The Association contends that the trial court erred as a matter of law in affirming the Board's decision. It argues that the evidence presented to the Board was not legally sufficient to support the Board's findings that the variance should be granted. The Association also argues the Board erred as a matter of law by allowing this variance because in so doing the Board created a new zoning use not sanctioned by the zoning code.

Since no additional evidence was presented to the trial court, our scope of review is limited to a determination of whether the Board's grant of a variance was an abuse of discretion or an error of law. *Stewart v. Zoning Hearing Board of Radnor Township*, 110 Pa. Commonwealth Ct. 111, 531 A.2d 1180 (1987). A zoning board abuses its discretion when its findings of fact are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The reasons for granting a variance must be substantial, serious and compelling. *Id.* The party seeking the variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest. *Id.* The hardship must be shown to be unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district. *Id.* Evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance. *Id.*

We note in the Board's findings of fact the absence of the requisite determination that the land is subject to a unique or peculiar hardship. This is not an oversight by the Board. Simply put, there is no record evidence that any hardship exists. The testimony established that the

premises could be used in accordance with the R-7 designation. In fact, the second floor apartment is currently being used for residential purposes. Shantzer admitted that the premises could be used for residential purposes instead of the proposed use. This is an instance where a proposed use is strictly for financial gain. Therefore, a variance may not be granted. *Id.* Accordingly, we reverse the trial court's order which affirmed the Board's decision to grant the variance.

### ORDER

NOW, October 13, 1988, the order of the Court of Common Pleas of Philadelphia County, entered on July 13, 1987, at August Term 1986, No. 4848, is reversed.

This decision was reached prior to the resignation of Judge MACPHAIL.