Daniel J. **ZAJDEL** and Laura C. **Zajdel,** his wife, Appellants

v.

**BOARD OF SUPERVISORS OF PETERS TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2007.

Decided May 31, 2007.

---

Cary D. Jones, Washington, for appellants.

William A. Johnson, Washington, for appellee.

BEFORE: COLINS, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge.

OPINION BY Judge PELLEGRINI.

Daniel J. Zajdel and Laura C. Zajdel (Landowners) appeal from an order of the Court of Common Pleas of Washington County (trial court) affirming the decision of the Peters Township Council (Council) denying Landowners' request for a subdivision which did not meet Peters Township subdivision standards because it was on a substandard private road.

Landowners own 2.34 acres in Peters Township, Washington County, Pennsylvania (Property). Landowners filed an application with the Peters Township Planning Commission (Planning Commission) to subdivide the Property creating two additional lots on the rear of the property. For a subdivision to be approved, Section

75(B)(3) of the Peters Township Ordinance (Ordinance)[1] required lots to have direct access to a public road or a private road meeting Peters Township specifications. Although the Property faced Old Oak Road, a public road, access to the two additional lots on the rear of the Property would be from Red Oak Drive, a private road, which did not meet Peters Township roadway specifications. Landowners sought from the Planning Commission a departure[2] from the requirements of Section 75(B)(3) of the Ordinance to permit access to the two additional lots from the substandard Red Oak Drive.

After a public hearing,[3] the Planning Commission recommended that Council deny Landowners' request for a departure from Section 75(B)(3) of the Ordinance. The Planning Commission's meeting minutes provided,[4] in pertinent part:

[T]he testimony heard this evening is evidence that [sic] the reason that there is an ordinance that says you don't continue to subdivide on private roads. Pri-

vate roads have fundamental issues, they are not wide enough, they do not have storm drainage, they don't accommodate the traffic, there are no specifications for them to protect the homeowners, then if the road is damaged there has to be an agreement among the homeowners. She doesn't know how an agreement would work that said the new lot owners would have to improve the road back to its pre-existing condition. Her recommendation is to suggest to Council that they not approve the additional lots on the private road. Mr. Lavrich stated his guess would be that it would take around $100,000.00 to bring Red Oak up to Township standard.

(Reproduced Record at 19a.)

Before Council,[5] Peters Township Planning Director Zuk explained that the Planning Commission recommended a denial of Landowners' request for a departure because of concerns with the overall monitoring and maintenance of the road, increased

1. Section 75(B)(3) of the Ordinance provided that "all lots or parcels shall have direct access to a public street (or to a private street if it meets the requirements of these regulations)." (Reproduced Record at 6a.)

2. Section 11(B) of the Ordinance provided:
   *Substantive Modifications*—The Planning Commission may recommend to the Council departures from any of the provisions and requirements set forth in §§ 71 to 80 of this Chapter when, in the opinion of the Planning Commission, an alternative standard has been demonstrated to provide equal or better results in accordance with modern and evolving principles of site planning and development. (Reproduced Record at 8a.)

3. The Planning Commission noted submission of a report by Peters Township Engineer Joseph D. Lavrich, Jr., P.L.S. (Lavrich) dated July 10, 2002, which provided conditions to be considered for any departure from the Ordinance for the proposed subdivision. (Reproduced Record at 17a.)

4. Peters Township Planning Director Edward Zuk's (Zuk) testimony included in the meeting minutes provided, in pertinent part:

   These lots are not intended for a family member, they are to be marketed for sale. ... Creating new lots along private [roads] creates a public safety concern. In the past what has been allowed is one new lot on a private road if it was intended for a family member. These two lots are not intended for a family member. (Reproduced Record at 18a.)

5. Before Council was an August 5, 2002 letter from Zuk to Michael A. Silvestri, the Manager of Peters Township, giving the basis for the Planning Commission's recommendation, which also provided, in pertinent part: "[a]ccording to [Landowners] the lots will be marketed for sale and are not intended for a family member." (Reproduced Record at 26a.)

wear and tear that would result from two additional homes, and a lack of commitment by Landowners to a maintenance schedule or agreement. Zuk testified that Old Oak Road property owners voiced concerns with a repeat of the run-off problems that occurred when another Red Oak Drive lot was developed. He stated that the Planning Commission decided that the Ordinance did not allow lots to be created on private roads for the very reasons expressed by the property owners. Zuk also testified that "[t]hese lots are intended not for family members. Our policy in the past has been for family members, one lot. And they had a concern with that, the precedent that that may set. So they were totally against the departures." (Reproduced Record at 77a–78a.)

Peters Township Engineer Lavrich testified that the two new lots posed a tricky situation for dealing with the existing run-off problem. He stated that the run-off problem could be mitigated, but the new lot owners could not be mandated to participate in the existing maintenance agreement between the six Red Oak Drive property owners. Also testifying were the Red Oak Drive property owners and those in the vicinity regarding concerns with storm water run-off and the width, grading, traffic and on-going monitoring and maintenance of Red Oak Drive.

Landowners testified that they were interested in signing a maintenance agreement, were committed to returning Red Oak Drive to its current state, and were willing to sign an agreement stipulating that if Red Oak Drive became public, the owners of the proposed lots would pay their fair share of bringing that road up to Peters Township standards. They stated that run-off was not a problem, that they may have found a way to bring public sewers to the proposed lots, and that they would do what they could to widen a portion of Red Oak Drive. Landowners also testified that Council set precedence by granting a departure from the Ordinance to Allen E. Clingan and Janet M. Clingan (Clingans) for a subdivision which adjoined Red Oak Drive where a lot was conveyed to a non-family member.

■■■ Council denied Landowners' request for a departure from Section 75(B)(3) of the Ordinance because the two additional lots would be on a substandard private road. Landowners appealed to the trial court contending for the first time: (1) a violation of their due process and equal protection rights because Council permitted subdivisions on a private road only where the applicant conveyed a lot to a family member; (2) the policy of approving subdivisions on private roads only where the lots were conveyed to a family member was an unwritten procedure invoked by Council and applied subjectively; and (3) Council granted subdivision approval to the Clingans for property adjoining Red Oak Drive and conveyed to a non-family member. The trial court affirmed finding that although there was discussion by Council as to whether the lots would be for a family member, the record contained legitimate reasons for the denial. It recognized that a departure had been granted to the Clingans in which a lot was conveyed to a non-family member. It also found that Landowners were given a full opportunity to present their case before the Planning Commission and Council, and it had to rely on the full and complete record from the proceedings below. This appeal followed.[6]

---

**6.** Where the trial court takes no additional evidence, our scope of review in a land use appeal is limited to determining whether the local governing body committed an error of law or an abuse of discretion. *In re Thompson,* 896 A.2d 659 (Pa.Cmwlth.2006). A gov-

■ Landowners raise this issue on appeal—whether Council violated their rights under the Equal Protection and Due Process Clauses of the Pennsylvania Constitution because it had an unwritten policy of granting subdivision approval on a private road where the applicant intended to convey a lot to a family member (family member conveyance exception) but denying subdivision approval on a private road where the applicant intended to convey a lot to a non-family member. While it appears that a subdivision for a single additional lot to be used by another family member was a factor in the past in approving a subdivision with access to a private road, Landowners failed to establish that prior departures from the Ordinance had been granted (or denied) for subdivisions on private roads based solely on whether the lots were (or were not) to be conveyed to family members.[7] While conveying a lot to a family member may have been a factor in granting a subdivision, all Landowners proved was that it was a minimal factor, and those applicants had to meet the Ordinance requirements.

■ Also, even if a family member conveyance exception existed with the breadth that Landowners suggest, a failure to uniformly enforce an ordinance provision does not preclude subsequent enforcement of the same. *Anselma Station, Ltd. v. Pennoni Associates, Inc.*, 654 A.2d 608 (Pa.

Cmwlth.1995). As our Supreme Court stated in *Ridley Township v. Pronesti*, 431 Pa. 34, 244 A.2d 719 (1968), where a municipality failed to enforce its zoning ordinance:

> The validity of the ordinance does not usually depend on a completely successful enforcement of its provisions, nor can one who violates it be discharged merely because it is shown that there are other violators who have not been convicted, or that those whose duty it is to perform the duties required by it have fallen short, through inattention or intentional omission or neglect.

431 Pa. at 39, 244 A.2d at 721; *see also Knipple v. Geistown Borough Zoning Hearing Board*, 155 Pa.Cmwlth. 120, 624 A.2d 766 (1993).[8]

Accordingly, because Landowners did not make out that their equal protection or uniformity rights were violated, the order of the trial court is affirmed.

### ORDER

AND NOW, this 31st day of May, 2007, the order of the Court of Common Pleas of Washington County, dated September 29, 2006, at No. 2002–5762, is affirmed.

---

erning body abuses its discretion when its findings of fact are not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

7. Based on materials discovered during their appeal before the trial court, Landowners refer to three instances over a nine year period in which Council allegedly applied the family member conveyance exception to proposed subdivisions on private roads. Because these instances were based on materials that were

not made part of the record before the Planning Commission and Council, we will not consider them on appeal.

8. Even if we would have found that there existed a family member conveyance exception that automatically allowed for a lot to be subdivided with access to a private road, Landowners' equal protection rights still would not have been violated because they only allege that the exception allowed for one additional lot and, in this case, Landowners are requesting two additional lots which takes them outside of the exception.