**In Re: Appeal of DRUMORE CROSSINGS, L.P. from the decision of the hearing officer dated February 9, 2007 denying application for conditional use approval.**

**Appeal of: Drumore Crossings, L.P.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 2009.
Decided Nov. 18, 2009.

Marc B. Kaplin and Gregg I. Adelman, Blue Bell, for appellant.

Robert W. Hallinger, Lancaster, for appellees.

BEFORE: LEAVITT, Judge, and BUTLER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Drumore Crossings, L.P., appeals an order of the Court of Common Pleas of Lancaster County (trial court) denying Drumore Crossings' conditional use application to develop a shopping center on property it owns in Drumore Township (Property). In doing so, the trial court affirmed the decision of Drumore Township that Drumore Crossings failed to prove that it would use an "approved means of sewage disposal" for its proposed shopping center, as required by the Drumore Township Zoning Ordinance[1] (Zoning Ordinance) for approval of a conditional use. Concluding that Drumore Crossings did satisfy its burden with respect to its proposed sewage disposal system, we reverse the trial court.

In May of 2003, Drumore Crossings sought approval of its proposal to develop its Property as a shopping center. The Property is located in the Township's Commercial/Industrial zoning district, where shopping centers are expressly authorized as a conditional use. Because the Township does not have a public sewer system, Drumore Crossings was required to show that its development would employ an "approved means" of on-site sanitary sewage treatment. ZONING ORDINANCE, Art. 4, § 450.8.[2] Because of the Property's proximity to Fishing Creek, a high quality stream, Drumore Crossings' proposed sewage treatment plant had to include a plan to denitrify its sewage effluent.

The Board of Supervisors of Drumore Township (Supervisors) scheduled a hearing on Drumore Crossings' conditional use application. Twenty-two township residents (Objectors) intervened in opposition

---

1. DRUMORE TOWNSHIP ZONING ORDINANCE OF 2001 (ZONING ORDINANCE).

2. It states: "The applicant shall furnish evidence that an approved means of sewage disposal and water supply shall be used." ZONING ORDINANCE, Art. 4, § 450.8.

to the application. The Supervisors appointed a hearing officer to conduct the proceeding.[3] Thereafter, the Supervisors intervened in the hearing to oppose the application. Hearings were conducted over 24 evenings.

At the hearing, Drumore Crossings presented the testimony of its expert sewer engineer, Fred Ebert, to support the fact that its proposed development would use an "approved means of sewage disposal." ZONING ORDINANCE, § 450.8. Ebert described the three types of on-site treatment plants that can dispose of treated effluent by drip irrigation: a Biological Engineered Single Sludge Treatment system (BESST System), a Sequential Batch Reactor system, and a Modified Bardenpho system. Ebert testified that any one of these three systems was feasible for the Property and each has been approved by the Pennsylvania Department of Environmental Protection (DEP). Ebert testified that one of the three systems would be selected at the time of construction and in accordance with directives of DEP, which had responsibility for permitting on-site sewage treatment plants.

When questioned as to what specific system Drumore Crossings proposed to use, Ebert identified the BESST System. He explained that BESST systems with denitrification components have been approved by DEP for other commercial uses and have been used successfully in shopping centers in New Jersey, Florida, and other states.

Drumore Crossings also presented the testimony of Thomas Horrex, an expert in the operation and maintenance of sewage package treatment plants. Horrex explained that he operates a BESST System in East Brandywine Township that denitrifies wastewater in accordance with DEP's regulations. Horrex stated that the BESST System proposed for Drumore Crossings' proposed shopping center would be acceptable to, and permitted by, DEP.

Finally, Drumore Crossings presented the testimony of Dr. William Palkovics, an expert soil scientist. Dr. Palkovics opined that DEP would approve Drumore Crossings' plan because the suggested methods of sewage treatment and disposal, an on-site mechanical treatment plant using drip irrigation, were generally accepted and permitted by DEP.

In response, Objectors presented the testimony of two DEP employees: Jennifer Fields and Keith Dudley. Both work in DEP's Southeast Regional Office[4] and have responsibility for the review and permitting of sewage package treatment plants. Both witnesses focused on the acceptability of a BESST System at the Property.

---

**3.** Section 913.2(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, added by section 93 of the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10913.2(a), authorized the Supervisors to appoint a hearing officer to decide Drumore Crossings' conditional use application on behalf of the Supervisors. Section 913.2 provides, in relevant part, that

the appellant or the applicant, as the case may be, in addition to the municipality may, prior to the decision of the hearing, waive decision or findings by the board and

accept the decision or findings of the hearing officer as final.

53 P.S. § 10913.2(a). By proceeding under Section 913.2(a), Drumore Crossings and the Supervisors agreed to have the hearing officer make the decision on behalf of the municipality, Drumore Township. This enabled the municipality's governing body, the Supervisors, to intervene as a party.

**4.** The Southeast Regional Office does not have jurisdiction over the Property, which is within the jurisdiction of the Southcentral Regional Office.

Fields testified that plants using a BESST System had been issued permits in the Southeast Region. One such BESST System is used by French Creek Elementary School, and it has consistently failed to denitrify its effluents within the nitrogen limits of its permit. According to Fields, the investigation into why the French Creek BESST System is not meeting expectations was ongoing. As a result, no new permits for a BESST System would be issued in the Southeast Region until the French Creek problems were resolved. However, Fields acknowledged, on cross-examination, that the malfunctions in the French Creek BESST System could be the result of inept operators rather than the system itself. She also admitted that DEP does not prohibit the use of a BESST System.

Dudley confirmed that the Southeast Regional Office would not issue permits for a new BESST System until the French Creek investigation had concluded. He conceded, however, that DEP would not reject a BESST System on the basis of the performance of one plant. It was more likely that DEP would require future applicants to modify the BESST System, based on its evaluation of the French Creek system. Finally, Dudley opined that a shopping center would be a challenge for a BESST System.

In February 2007, before the hearing officer issued his decision, Drumore Crossings and the Supervisors entered into a settlement agreement by which Drumore Crossings agreed to certain conditions for construction of its proposed shopping cen-ter. The settlement agreement provided, *inter alia*, that the Township's engineer would prepare a plan outlining the construction of an on-site sewage treatment plant and drip irrigation system. The settlement did not specify a particular system. The settlement agreement also provided that the Supervisors would approve the Township engineer's plan, forward it to DEP for its approval, and take whatever further action was required to obtain DEP's approval of the plan.[5] Objectors were not parties to the settlement agreement. However, the Supervisors held two public meetings in January 2007 to give members of the public, including Objectors, an opportunity for comment on the settlement agreement.

In February 2007, the hearing officer denied Drumore Crossings' application. First, he concluded that Drumore Crossings had failed to comply with Section 450.8 of the Zoning Ordinance because it did not furnish evidence that an approved means of sewage disposal would be used. Second, he found that Drumore Crossings failed to demonstrate that the proposed shopping center would satisfy the general standards for all conditional uses set forth in Section 704.2 of the Zoning Ordinance. He based these conclusions on the testimony of Fields and Dudley, which demonstrated, according to the hearing officer, that Drumore Crossings' proposed BESST System was not likely to be permitted by DEP. Further, he rejected the testimony of all the expert witnesses, on both sides of this dispute, that other systems could be used as mere "opinion testimony without

---

5. The Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1–750.20a. (Act 537), requires that all Commonwealth municipalities develop and implement comprehensive official plans that provide for the resolution of existing sewage disposal problems, provide for the future sewage disposal needs of new land development and provide for the future sewage disposal needs of the municipality. When a municipality adopts a plan, the plan is submitted for review and approval by DEP. By regulation, the planning process is not final until an Act 537 Plan has been approved by DEP.

sufficient factual support to allow the Hearing Officer to accord those opinions any weight." Hearing Officer's Decision at 19.

Drumore Crossings appealed the hearing officer's decision, and Objectors intervened in that appeal. In April 2007, Drumore Crossings filed a petition seeking the trial court's approval of the settlement agreement as a full and complete resolution of the appeal. Objectors opposed the trial court's approval of the settlement agreement.

In October 2007, the trial court held an evidentiary hearing to determine whether approval of the settlement agreement was in the public interest. Drumore Crossings presented testimony that the settlement agreement resolved the only issue in dispute, namely, whether an "approved means" of sewage disposal would be used at its proposed shopping center. Neither Objectors nor the Supervisors presented any evidence.

In June 2008, the trial court remanded the matter to the hearing officer. The court directed the hearing officer to make supplemental findings of fact to support his prior conclusion that Drumore Crossings' application did not satisfy the general standards for a conditional use set forth in Section 704.2 of the Zoning Ordinance. Section 704.2 of the Zoning Ordinance provides in relevant part, that an applicant for a conditional use must demonstrate that:

1. The proposed use shall be consistent with the purpose and intent of the Zoning Ordinance;

2. The proposed use shall not detract from the use and enjoyment of adjoining or nearby properties;

3. The proposed use will not effect a change in the character of the subject property's neighborhood;

\* \* \*

6. The proposed use shall comply with those criteria specifically listed in Article [Four] of this Ordinance. In addition, the proposed use must comply with all other applicable regulations of this Ordinance; and,

7. The proposed use will not substantially impair the integrity of the Comprehensive Plan.

ZONING ORDINANCE, Art. 7, § 704.2.

In July 2008, the hearing officer filed a supplemental decision. He concluded that Drumore Crossings did not satisfy Section 704.2 because it failed to demonstrate that "the proposed shopping center use would be served by 'an approved means of sewage disposal.'" Supplemental Decision of Hearing Officer at 5. The hearing officer further explained that he based this conclusion on "the testimony of the witnesses from [DEP] and their testimony about their experience with *systems* like or similar to what [Drumore Crossings] proposed." *Id.* (emphasis added). Thereafter, the trial court affirmed the hearing officer's denial of Drumore Crossings' application and also denied Drumore Crossings' application for approval of the settlement agreement. The trial court concluded that the settlement agreement was not in the public interest because it did not satisfactorily resolve the sewage disposal issue.

 On appeal,[6] Drumore Crossings presents three issues for our consider-

---

6. Where the trial court did not take additional evidence, the scope of review of this Court is limited to a determination of whether the hearing officer abused his discretion or committed an error of law. *Zajdel v. Board of* *Supervisors of Peters Township*, 925 A.2d 215, 218 n. 6 (Pa.Cmwlth.2007). A hearing officer abuses his discretion when his findings are not supported by substantial evidence. *Id.* at 219 n. 6.

ation.[7] First, it argues that the hearing officer erred in holding that Drumore Crossings was required to designate a specific sewage treatment system before its application for a conditional use could be approved. Second, it argues that the hearing officer's findings of fact on that issue were not supported by substantial evidence. Third, Drumore Crossings contends that the trial court erred in refusing to approve the settlement agreement because that agreement fully addressed the issue of whether its proposed shopping center would be served by an "approved means" of sewage disposal.

Objectors dispute each of these contentions. They request this Court to remand the matter to the trial court for consideration of the remaining public health, safety and welfare factors set forth in Section 704.2 of the Zoning Ordinance that were not addressed by the hearing officer in his supplemental decision.

■■■ The grant of a conditional use falls within the jurisdiction of the municipal governing body rather than the zoning hearing board. *Ligo v. Slippery Rock Township*, 936 A.2d 1236, 1242 (Pa. Cmwlth.2007). An applicant is entitled to a conditional use as a matter of right, unless the governing body determines that the use does not satisfy the specific, objective criteria in the zoning ordinance for that conditional use. *Hoppe v. Zoning Hearing Board of the Borough of Portland*, 910 A.2d 756, 758 (Pa.Cmwlth.2006) (citing *East Manchester Zoning Hearing Board v. Dallmeyer*, 147 Pa.Cmwlth. 671, 609 A.2d 604, 610 (1992)). The applicant bears the initial burden of showing that the proposed conditional use satisfies the objective standards set forth in the zoning ordinance, and a proposed use that does so is presumptively deemed to be consistent with the health, safety and welfare of the community.[8] *Id.* Once the applicant satisfies these specific standards, the burden shifts to the objectors to prove that the impact of the proposed use is such that it would violate the other general requirements for land use that are set forth in the zoning ordinance, *i.e.*, that the proposed use would be injurious to the public health, safety and welfare. *Id.*

■■■ We begin with Drumore Crossings' contention that it was not required at the conditional use stage to identify a specific sewage treatment system and disposal plant and prove that this specific system would be approved. Drumore Crossings asserts that it was required only to show that its *method* of sewage treatment and disposal, *i.e.*, an on-site treatment plant with drip irrigation, is a system acceptable to DEP. Accordingly, the emphasis placed on the BESST System by the hearing officer and trial court was misplaced. We agree.

■■■ An applicant cannot be required to provide specific engineering design details of its proposed development at the conditional use stage. *In re: Appeal of Brickstone Realty Corp.*, 789 A.2d 333, 343

---

7. The Supervisors filed a brief consisting of two paragraphs of argument, stating that

the Township does not dispute that [Drumore Crossings] has satisfied its burden under the applicable Drumore Township Zoning Ordinance provisions that [its] proposed shopping center is permitted and that the said shopping center is not adverse to the public health safety and welfare. Furthermore, the Township acknowledges the existence of the Agreement and does not oppose court approval of the same.
Supervisor's Brief at 1.

8. For example, the specific, objective standard set forth in the Zoning Ordinance for approval of a shopping center as a conditional use was proof that the applicant's method of sewage treatment and disposal was one regularly approved by DEP.

(Pa.Cmwlth.2001). Further, whether a specific system of mechanical treatment plant will be approved is a decision for DEP, not for the hearing officer or even the governing body. *Stewart v. Zoning Hearing Board of Radnor Township,* 110 Pa.Cmwlth. 111, 531 A.2d 1180, 1182–1183 (1987). In *Stewart,* this Court held that a zoning hearing board lacked jurisdiction to determine the specifics of a sewage disposal system for a proposed residential subdivision. The zoning board's authority was limited to making sure that the system proposed was "an accepted *method* for waste management by [DEP]." *Id.* (emphasis added). Indeed, a specific system cannot be "designed until after the effluent limitations are established" by DEP. *See, e.g., South Huntingdon Township Board of Supervisors v. Department of Environmental Resources,* 1990 EHB 197, 1990 WL 117524, at *4 (Pa. Envtl. Hearing Bd. March 8, 1990).

 Section 450.8 of the Zoning Ordinance requires the conditional use applicant to demonstrate that it will use an "approved means" of sewage disposal. Drumore Crossings proposes to use an on-site mechanical treatment plant with drip irrigation to denitrify the effluent. Ebert, Drumore Crossings' expert, testified that there were at least three types of treatment plants that could be constructed on the Property that are regularly approved by DEP. Objectors' expert witness, Dudley, specifically conceded this point, and Fields did not contradict this concession. The hearing officer, however, was dismissive of the fact that the experts agreed on this point, calling it mere "opinion testimony without sufficient factual support" not worthy of "any weight." Hearing Officer's

Decision at 19. The hearing officer's attempt to read this evidence out of the record was error.

Ebert stated, as fact, that two systems, other than the BESST System, were regularly approved by the DEP and could be used on the Property. This uncontroverted, factual testimony was not opinion testimony simply because it was offered by an expert sewer engineer. Fields and Dudley, as employees of DEP, were in a position to dispute this factual statement of Ebert, and they did not. Rather, they confirmed it. Finally, the hearing officer did not challenge the credibility of Ebert, Dudley or Fields. Accordingly, the hearing officer's finding that no on-site sewage treatment and disposal system would be likely to be permitted and to operate within the regulations of DEP was directly contrary to the record.

Further, Fields and Dudley focused on only one of the three systems, the BESST System.[9] The hearing officer was "not convinced that the proposed sewage disposal *system* constitutes 'an approved means of sewage disposal.'" Hearing Officer's Decision at 19 (emphasis added). This conviction was unfounded given Ebert's uncontradicted testimony. Further, the hearing officer's conviction was irrelevant. As *Stewart* has established, it is the province of DEP, not a township, to issue a permit to a sewage treatment plant. Drumore Crossings presented uncontroverted testimony that an on-site mechanical treatment plant using drip irrigation was a method regularly approved by DEP. This is all it was required to do under Section 450.8 of the Zoning Ordinance.

---

9. Indeed, neither Fields nor Dudley testified that the BESST System would not be permitted on the Property. Even if the hearing officer could have evaluated the specific system, his finding that the BESST System is unlikely to be permitted and to operate within DEP regulations is not supported by any evidence of record.

Lest there be any doubt, in June 2008, DEP approved the Township's sewage treatment and disposal update plan for the Property. The approval was published in the *Pennsylvania Bulletin* in July 2008. 38 PA. BULL. 3828 (2008).

We turn next to Drumore Crossings' contention that the trial court's disapproval of the settlement agreement between Drumore Crossings and the Supervisors should be set aside because the agreement was in the public interest and resolved the sewage disposal issue. In response, Objectors contend that the settlement agreement is invalid because the Township had no authority to enter into a settlement agreement after it had agreed to accept the hearing officer's decision as final.

We begin with Objectors' contention that the Supervisors lacked authority to enter a settlement agreement with Drumore Crossings. Section 913.2(a) of the MPC requires that the governing body of a municipality hold hearings to adjudicate conditional use applications. It states as follows:

> [w]here the governing body, in the zoning ordinances, has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, *the governing body shall hold hearings on and decide requests for such conditional uses* in accordance with such standards and criteria. The hearing shall be conducted by the board or the board may appoint any member or an independent attorney as a hearing officer. The decision or, where no decision is called for, the findings shall be made by the board. *However, the appellant or the applicant, as the case may be, in addition to the municipality may,* prior to the decision of the hearing, waive decision or findings by the board and *accept the decision or findings of the hearing officer as final.* In granting a conditional use, the governing body may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act in the zoning ordinance.

53 P.S. § 10913.2(a) (emphasis added).

In short, Section 913.2(a) requires a hearing before a conditional use can be approved. However, Section 913.2(a) authorizes the governing body to choose whether it will conduct the hearings itself or appoint a hearing officer to do so. It further provides that the governing body and the applicant may waive the governing body's prerogative to make the final decision and choose to accept the hearing officer's decision as final. Thus, the hearing officer's decision becomes that of the municipality.

Here, the Supervisors appointed a hearing officer to adjudicate Drumore Crossings' conditional use application and agreed to accept the decision of the hearing officer as final. By delegating the hearing responsibility to a hearing officer, the Supervisors divested themselves of the authority to adjudicate the merits of Drumore Crossings' application. This, in turn, gave the Supervisors the ability to intervene as a party and to oppose Drumore Crossings' conditional use application. If the Supervisors had conducted the hearing, the Objectors would be correct in contending that they lacked the authority to enter into a settlement agreement with Drumore Crossings before a decision was rendered. Such a settlement would constitute a blatant disregard of the Supervisors' adjudicative obligations. So long as a governing body retains its adjudicative function under Section 913.2, it must render a written decision. 53 P.S. § 10913.2(b)(1), (3).

Here, however, the Supervisors did not act as adjudicator but as a party opposing Drumore Crossings' application. As a party, the Supervisors were entitled to negotiate a settlement agreement with Drumore Crossings that they believed would advance the public interests of the Township by obtaining Drumore Crossings' agreement to conditions beyond those required by the Zoning Ordinance. That settlement, however, did not relieve the hearing officer of his duty to adjudicate the matter.[10]

██ Finally, we address Objectors' request that we remand this matter for consideration of the standards for a conditional use set forth in Section 704.2 of the Zoning Ordinance. The trial court directed the hearing officer, on remand, to make supplemental findings of fact to support his conclusion that the application did not satisfy Section 704.2 of the Zoning Ordinance. He did so, concluding that the reason Drumore Crossings did not satisfy Section 704.2 was because it failed to show that it proposed to install an approved means of sewage disposal on the Property. That conclusion was wrong, and the issue has been resolved in Drumore Crossings' favor. Further, Objectors did not appeal the hearing officer's second decision as not adequately addressing the standards in Section 704.2. It is too late to do so at this point.

For the foregoing reasons, we reverse the order of the trial court.

### ORDER

AND NOW, this 18th day of November, 2009, the order of the Court of Common Pleas of Lancaster County, dated December 9, 2008, in the above-captioned matter is hereby REVERSED.

10. In light of our disposition of this issue, it is unnecessary to address Drumore Crossings' contention that the trial court erred in refusing to approve its settlement agreement with the Supervisors. We have resolved the only issue that prompted the denial of Drumore Crossings' conditional use application, *i.e.,* whether its application proposed an "approved means of sewage disposal." Accordingly, the approval of the settlement agreement is a moot issue.