IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Fort Joy Development 2, L.P. | : **CASES CONSOLIDATED** |
| | : |
| v. | : No. 53 C.D. 2021 |
| | : No. 54 C.D. 2021 |
| Newtown Township Board of | : |
| Supervisors, | : |
| Appellant | : |
| | |
| Fort Joy Development 2, L.P. | : |
| | : |
| v. | : No. 55 C.D. 2021 |
| | : No. 56 C.D. 2021 |
| Newtown Township Board of | : Argued: June 23, 2022 |
| Supervisors | : |
| | : |
| Appeal of: Christopher Rohner and | : |
| Yvonne Rohner | : |


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE              FILED:  July 21, 2022

The Newtown Township Board of Supervisors (the Board) and Christopher Rohner and Yvonne Rohner (the Rohners) appeal the December 2020 orders of the Court of Common Pleas of Delaware County (Common Pleas)[1] reversing the

---

[1] Common Pleas stated in its Opinion in Support of Order, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), that its order docketed on December 16, 2020. Due to a breakdown in Delaware County's online dock system, the court signed a second order on December 16, 2020, which was docketed on December 21, 2020." An appellant must fi *entry of the* order *tice o* from which the app 903(a) (emphasis added). Although the Rohners Filed A . P .

**(Footnote continued on next page…)**

January 22, 2018 decision of the Board to deny Fort Joy (Fort Development Joy) application for conditional use approval of a roadway through portions of its property that are in a Slope Conservation District. For the reasons set forth below, we reverse Common Pleas' order.

## I. Background

Fort Joy is the owner of approximately 71.55 acres of land in Newtown Township that is bounded on the north by Gradyville Road and on the south by Marple Township. Reproduced Record (R.R.) at 7a, 17a, 314a. Fort Joy's land is composed of two separate parcels that are located in an R-1 residential zoning district, as established by the Newtown Township Zoning Ordinance (Zoning Ordinance).[2] *Id.* at 21a, 314a. The first and smaller parcel, located in the northeast corner of Fort Joy, contains approximately two and three-quarters acres and has an existing residence with a driveway that provides access to Gradyville Road. *Id.* at 17a-18a, 314a. The remaining parcel is vacant, undeveloped land. *Id.* at 17a. Approximately 33% of the property is within a Slope Conservation District[3] due to its steep and very steep slopes.[4] R.R. at 36a.

one of their notices of appeal more than 30 days after Common Pleas *signed* the order being appealed, both the Board and the Rohners filed notices of appeal from each order within 30 days of the *entry* of the orders being appealed. Accordingly, both the Board and the Rohners preserved appellate review by timely appealing from each order. All four appeals were consolidated by our Court by order dated March 11, 2021.

[2] Newtown Twp., Pa. Zoning Ordinance (1959), *as amended*.

[3] Newtown Township's Slope Conservation District came into existence with the enactment of District Ordinance No. 1983-13 on November 14, 1983, and amended by Ordinance 1995-5 on June 12, 1995, Ordinance 2000-7 on September 11, 2000, and Ordinance 2017-01 on November 13, 2017.

[4] "[S]teep slope" locations are those "with a difference of elevation distance of 50 feet based on a topographic survey showing two-foot contours," and
**(Footnote continued on next page…)**

Fort Joy owns a separate parcel of land that adjoins its 71.55 acres to the southeast, in Marple Township. R.R. at 8a. Marple Township previously approved Fort Joy to create a 381-home development on this separate parcel. *Id.* at 8a, 303a-04a. Those plans depict a roadway, to be known as Cherry Blossom Lane, connecting the approved development in Marple Township with Fort Joy's lands in Newtown Township. *Id.* at 309a.

On February 12, 2016, Fort Joy filed an application with the Board for conditional use approval to permit construction of Cherry Blossom Lane within Newtown Township's Slope Conservation District. R.R. at 272a, 581a-84a. This relief was requested in connection with Fort Joy's proposed subdivision of its Newtown Township property, filed pursuant to the Zoning Ordinance, in which Fort Joy proposed changing its existing two lots such that the smaller, easterly lot would be expanded to 12 acres, including the existing home and driveway, and the larger, westerly lot would be reduced to approximately 56.6 acres of undeveloped land. *Id.* at 18a-19a, 272a, 314a. In its subdivision plans, Fort Joy proposed that Cherry Blossom Lane, a two lane, approximately 1,200-foot long roadway, would divide the two new parcels and bisect Fort Joy's Newtown Township property, connecting Gradyville Road at its northern end with a road in Fort Joy's Marple Township at its southern end. *Id.* at 19a, 26a, 314a, 516a. Fort Joy did not propose any other improvements to its lands in Newtown Township. *Id.* at 8a, 18a.

The Newtown Township Planning Commission reviewed Fort Joy's conditional use application and recommended that the Board deny the application. R.R. at 9a. The Board held public hearings on Fort Joy's application on ... 2021 and November 27, 2021. *Id.* at 1a-270a. The Rohners, who are owners and

---

slope area locations "with a difference of elevation over ... of 50 feet based on a topographic survey showing two-foot contours." R.R. at 582a.

residents of a nearby property, appeared at the hearings before the Board and presented evidence and testimony in opposition to the application. A civil engineer, testifying on behalf of Fort Joy, admitted that the two proposed subdivision lots could be adequately served by driveways from Gradyville Road, one of which already exists, and that Fort Joy did not need [Cherry Blossom Lane] to have the two lots." *Id.* at 44a, 78a. Fort Joy also admitted that the main purpose of Cherry Blossom Lane was to connect Fort Joy's Marple Township development with Gradyville Road in Newtown Township. *Id.* at 44a. A notation on one of the subdivision plan drawings that Fort Joy submitted even stated that the intent of this project is to provide required access from Gradyville Road to the approved . . . [d]evelopment in Marple. *Id.* at 75a.

When the Board pointed out that Fort Joy's proposed roadway was not a primary use consistent with a property zoned residential (R-1) and that a roadway is an accessory use that must support a primary use on the same property, Fort Joy's engineer stated that Cherry Blossom Lane was an accessory use for the two residential lots. R.R. at 50a. Despite this assertion, he admitted that the two lots could be accessed by driveways and that there was no use in Newtown Township that required Cherry Blossom Lane. *Id.* at 44a, 53a. In addition, Cherry Blossom Lane does not end within or provide direct access to either lot. *Id.* at 314a.

Fort Joy also stated that his firm had developed future concept plans for a larger residential subdivision on Fort Joy's land in Newtown Township, for which Cherry Blossom Lane would be necessary. R.R. at 84a. Fort Joy had not, however, finalized or submitted those plans for review or approval. *Id.* Accordingly, Fort Joy's only present intention was to use Cherry Blossom Lane to access its development in Marple Township. *Id.* at 88a.

4

On January 23, 2018, the Board denied Fort Joy's applicati[on] use approval. R.R. at 543a. The Board determined that the proposed road was not a permitted principal use in a residential district (R-1) and that it was also not an accessory use as defined in the Zoning Ordinance, because it "is not subord[inate to] the main use of the land, i.e. the two residential lots, but rather is the proposed principal use of the land." *Id.* at 548a. The Board also concluded that an alternative alignment or location was feasible, because one lot already had access to Gradyville Road by a driveway and the second lot had road frontage on Gradyville Road that was suitable for driveway access. *Id.* at 551a. Fort Joy appealed the Board's decision to Common Pleas.

On December 16, 2020, after reviewing the record, the parties' briefs, and conducting oral argument,[5] Common Pleas reversed the Board's decision, finding that it was not supported by substantial evidence and was, therefore, an abuse of discretion. The Board's ... at 47. Common Pleas did not identify a permitted use for which Cherry Blossom Lane was providing access. *Id.* at 48-49. Instead, Common Pleas asserted that a conditional use is not based upon need and the Board "erred in finding that the p[ro] ... *Id.* at 48. Accordingly, Common Pleas began by accepting that a road through Fort Jo[y] was a permissible use, and then determined that the location chosen was the only feasible location for that road. *Id.* at 48. The Board and the Rohners separately appealed Common Pleas' orders.

---

[5] Since a court reporter transcribed the Board's h[earing], Common Pleas had a "full and complete record of the proc[eedings] and was n[o]t requi[r]ed to t[ake the] Board th[e] on the record c[ase]. *See* 2 Pa.C.S. §754(b). Accordingly, Common Pleas could have only "pr[o]p[er]ly[] d[e]term[ine]d that constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or the necessary findings of fac[t]... *In re Thompson*, not su[pported]. 896 A.2d 659, 668 (Pa. Cmwlth. 2006) (citation omitted).

5

## II. Analysis

On appeal, the Board and the Rohners argue the Board did not abuse its discretion in denying Fort Joy's conditional use because the proposed road does not provide access to a permitted use on the property and alternative alignments or locations exist to the proposed road. The Board and the Rohners also argue that the Rohners presented substantial evidence to show that Fort Joy's conditional use should be denied because the proposed road would have a detrimental effect on neighboring properties and cause dangerous traffic conditions.

Under the Pennsylvania Municipalities Planning Code[6] (MPC), a zoning ordinance may provide for conditional uses "to be allowed or denied by the governing body after recommendations by the planning agency and hearing, pursuant to express standards and criteria set forth" in Section 603(c)(2) of the MPC, 53 P.S. §10603(c)(2). "An applicant is entitled to a conditional use as a matter of right, unless the governing body determines that the use does not satisfy the specific, objective criteria in the zoning ordinance for that conditional use." *In re Drumore Crossings, L.P.*, 984 A.2d 589, 595 (Pa. Cmwlth. 2009) (citations omitted).

"In reviewing a municipality's '[d]enial of a conditional use,' [our] review is limited to determining whether the municipality abused its discretion, or committed an error of law in denying the application." *EQT Prod. Co. v. Borough of Jefferson Hills*, 208 A.3d 1010, 1024 (Pa. 2019) (citing *Visionquest Nat'l Ltd. v. Bd. of Supervisors of Honey Brook Twp.*, 569 A.2d 915, 918 (Pa. 1990)). "An abuse of discretion will be found whenever the findings of the governing body are not

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

6

supported by substantial evidence." *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as *Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018). We conduct a *de novo* review of "whether the governing law" and ... by the legal conclusions of the governing body or lower court[ ] *EQT Prod. Co.*, 208 A.3d at 1025 (citation omitted).

Pursuant to Section 172-29(A) of the Zoning Ordinance, a road is not a permitted primary use of land in an R-1 residential district. R.R. at 575a-76a. In addition, Section 172-29(A)(g)(5) of the Zoning Ordinance establishes that a road can only be an accessory use if it is "with and customarily inc... use. *Id.* at 575a. Fort Joy's attempt to establish that Cherry Blossom Lane was with and incidental to its proposed two residential lots was not persuasive. One of the two residential lots in Fort's proposed subdivision already has a home and driveway that provides access directly to Gradyville Road. The second residential lot has extensive frontage on Gradyville Road for driveway access. In addition, each lot would still require a driveway under Fort Joy's proposal, but Cherry Blossom Lane does not end within, or provide direct access to, either lot. Instead, Cherry Blossom Lane, as Fort's engineer acknowledged on numerous occasions, was designed to permit traffic from Fort Joy's ... travel over Fort Joy's Newtown Township l... Accordingly, the Board's dete..., that Cherry Blossom Lane, as proposed, is not an accessory use to a permitted primary use of Fort Joy's Newto... property, was supported by substantial evidence.

The Board also determined that Fort's proposed use did not qualify under the Zoning Ordinance for conditional use approval. The specific, objective criteria

for conditional use approval of a roadway through areas of the Slope Conservation District are found in subsections 134-7(A)(2)(e) and 134-7(B)(2)(f) of the Zoning Ordinance, which provide that a "road or access drive may be authorized as if it "provides access to a permitted use" and the "Board of Supervisors determines no alt R.R. at 583a-84a. Section 147-14(B)(5) of the Zoning Ordinance further provides that "[n]o conditional use . . . in a S it has been demonstrated by the applicant that [n]o other alternative location is feasible or practical for the propose d u *Id.* at 587a.

The Board determined that an alternative alignment or location was feasible for the proposed use. This determination was supported by substantial evidence, as one of the residential lots already has access to Gradyville Road and a second, new driveway to Gradyville Road to access the second lot is feasible. In addition to being a feasible alternative, a second driveway would cause significantly less disturbance to areas within the Slope Conservation District than constructing a two-lane, approximately 1,200-foot roadway across Fort Joy's e especially true when one considers that the second lot would still need a driveway to access Cherry Blossom Lane.[7]

Because Fort Joy's[8] does not satisfy the specific, objective criteria in the Zoning Ordinance for a conditional use, Fort Joy is not entitled to

---

[7] The Board also determined that Cherry Blossom Lane does not provide access to the permitted use of two residential lots. R.R. at 551a. We need not reach that issue due to our conclusion that the B determination, that an alternative alignment or location is feasible for the proposed use, was supported by substantial evidence.

[8] Fort Joy's pr Cherry Blossom Lane to provide access to For Township Property and split its Newtown Township property into two new residential lots, neither **(Footnote continued on next page…)**

approval of its proposed conditional use. *See In re Drumore Crossings, L.P.*, 984 A.2d at 595. The Board did not abuse its discretion or commit an error of law in reaching this determination, which was supported by substantial evidence. Accordingly, Common Pleas should not have reversed the Board's decision.[9]

### III.    Conclusion

For the reasons set forth above, we reverse Common Pleas' December 2020 orders.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

of which would be given direct access by Cherry Blossom Lane. Fort Joy did not propose any further development of its lands in Newtown Township. Our holding does not preclude Fort Joy from presenting a different proposed use in the future, which may or may not qualify for conditional use approval under the Zoning Ordinance.

[9] Due to our resolution of the Board and the Rohners' appeals, in their favor, based upon their first claims for relief, we need not address their additional claims for relief.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Fort Joy Development 2, L.P. | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | No. 53 C.D. 2021 |
| | : | No. 54 C.D. 2021 |
| Newtown Township Board of | : | |
| Supervisors, | : | |
| Appellant | : | |
| | | |
| Fort Joy Development 2, L.P. | : | |
| | : | |
| v. | : | No. 55 C.D. 2021 |
| | : | No. 56 C.D. 2021 |
| Newtown Township Board of | : | |
| Supervisors | : | |
| | : | |
| Appeal of: Christopher Rohner and | : | |
| Yvonne Rohner | : | |

# **O R D E R**

**AND NOW**, this 21st day of July, 2022, the orders of the Court of Common Pleas of Delaware County that were entered on December 16, 2020 and December 21, 2020 are **REVERSED**.

_____
STACY WALLACE, Judge